# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**EDWARD P. ROGERS**                                                                                         **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO. 3:18-CV-P691-CRS**

**LUTHER LUCKETT CORR. COMPLEX** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Edward P. Rogers' *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

## I.

Plaintiff is a convicted prisoner currently incarcerated at the Lee Adjustment Center. He complains, however, about his incarceration at the Luther Luckett Correctional Complex (LLCC) and brings suit pursuant to 42 U.S.C. § 1983 against LLCC; its Warden, Jesse Ferguson; Correct Care Solutions (CCS); and Cordaro Boyd, an inmate at LLCC. He sues Warden Ferguson in her official capacity and sues inmate Boyd in his individual capacity.

In the complaint, Plaintiff alleges as follows:

Approximitly from Oct. 3 – 23 me and Cordaro boyd had got into and argument. I didn't think nothing of it for several day he had called me a bad word. I tried to talk to him like a man but he kept being attentive about wanting to fight me and him was friend so I just put it to the back of my mind well two week's later he waited till like around 6:30 that night to sneak up on me from behind and cut my throat, I hurried up and roll my shin up to my throat cause I was scared and bleeding all I could think of what If I panic I was going to die and I wasn't going without seeing my kids again.

Know I'm coming out of the bathroom with blood pouring out of my neck and heading down the stair I knew if was him because he was calling me to come and fight I don't think so. so I went to the core the CO was freaking out he didn't know what to do so he called the medical department and it took approximitly 9

minutes for anyone to get there they took me to medical on a cart when I got there they ask me to move my hands and they said if I don't hurry to the hospital I could loss to much blood while the EMS was coming they took picture and put a pad on it the when they got their they put a IV in me and took me of U of L hospital.

Plaintiff reports that at the hospital he received "three layer's of stiches it took 4 hours to fix my neck then they took me back to prison knowing it could have got infected." He alleges that "the prison on my behalf didn't do right by me they never even let my family know I could maybe die."

Plaintiff alleges that Defendant Warden Ferguson "would never talk to me and when she did it was cold outside and I wasn't allow to keep my wound cover while going to get my phyic pills." He also alleges that Defendant Warden Ferguson "was not on the compound at the time and when she was I spoke to her and she acted as if thing was out of her hand this is not my fault I did nothing to this man to try and kill me." He further alleges, "Corr. Care that it took week's before they wanted me to come and be seen and knowing I told them it was hard for me to breath."

In a letter addressed to the Court that Plaintiff attached to the complaint, Plaintiff claims that the grievance committee was against him because they were "the attacker's friend and it made me parinod of who to be around." He alleges, "Luther Luckett really missed me over more than I ever been I cant trust no one and now I have PTSD real bad." He further alleges, "I having to take a sleep ap test cause I keep losing my breath and hard to sleep at night and Im alway tired and dilosounal seeing and hearing voice that ant there."

As relief, Plaintiff seeks damages and "all my medical bill payed plus mental Health."

**II.**

*A. Legal Standard*

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## B. Analysis

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. *Defendant Boyd*

Defendant Boyd must be dismissed from this § 1983 action because that statute requires that the alleged deprivation be committed by a person acting under color of state law. The statute does not protect against private action. In order to be subject to suit under § 1983, Defendant Boyd's conduct must be fairly attributable to the state; that is, the challenged action must have been taken under color of state law. *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1982); *Simescu v. Emmet Cty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). Plaintiff fails to allege facts showing that the conduct of fellow inmate Defendant Boyd in assaulting Plaintiff at LLCC was taken under color of state law. *See Nobles v. Brown*, 985 F.2d 235 (6th Cir. 1992); *Butler v. Jenkins*, 450 F. Supp. 574 (E.D. Tenn. 1978). Thus, Defendant Boyd is not subject to suit under § 1983, warranting dismissal of the § 1983 claim against him.

## 2. Defendants LLCC and Ferguson

Plaintiff sues LLCC and sues Defendant Ferguson in her official capacity only and seeks damages.

The Eleventh Amendment[1] "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). The Eleventh Amendment, therefore, bars this § 1983 action against LLCC.

"This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, the claims for damages against Defendant Ferguson also are barred by the Eleventh Amendment.

In addition, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly,

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the amendment does not address the possibility of suit against a state by one of its own citizens, unassailable case law has interpreted the amendment in such a way as to close that gap." *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

Plaintiff fails to state a § 1983 claim against Defendants LLCC and Ferguson in her official capacity.

Even if Plaintiff had sued Defendant Ferguson in her individual capacity, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Plaintiff having failed to allege any active wrongdoing by Defendant Ferguson, he fails to state a claim upon which relief may be granted.

### 3. Defendant CCS

"It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting

*West v. Atkins*, 487 U.S. 42, 54 (1988)). For purposes of initial review, the Court presumes that Defendant CCS is a state actor. However, a private corporation, like Defendant CCS, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, like a municipality, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

In the instant case, Plaintiff has not alleged the existence of a policy or custom on the part of Defendant CCS that caused any deprivation of his constitutional rights. Thus, the claims against that Defendant will be dismissed.

In addition, Plaintiff fails to state an Eighth Amendment claim against Defendant CCS. To satisfy the objective component of an Eighth Amendment deliberate indifference claim, Plaintiff must show the existence of a sufficiently serious medical need, meaning that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). The

subjective component of the Eighth Amendment standard is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

While Plaintiff alleges that it took nine minutes for someone at the medical department to get to the "core" where he was located with a guard, he alleges that medical staff immediately reacted once they arrived, and that EMS came and transported him to UofL Hospital, where he was treated. Further, despite alleging that "they took me back to prison knowing it could have got infected," he neither identifies who allegedly ordered him back to prison nor alleges that he actually became infected or was otherwise harmed by CCS or any of its staff prior to his transfer from LLCC. Accordingly, the Court concludes that Plaintiff fails to demonstrate deliberate indifference under the Eighth Amendment regarding medical treatment after the attack, and this claim will be dismissed.

### 4. *Failure-to-protect claim*

The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. at 832 (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth Amendment claim

based on a failure to prevent harm, an inmate must prove both an objective and subjective component. *Id.* With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to prove that the defendant acted with "deliberate indifference" to that risk. *Id.* "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

"In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (internal quotation marks and citations omitted). However, actual knowledge also can exist where an inmate presents evidence showing that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" and that the "circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 511 U.S. at 842-43 (internal quotation marks omitted).

Here, Plaintiff does not allege that he told any Defendant or other corrections staff about any threat to his safety from Inmate Boyd prior to the attack, and he does not allege that any Defendant or other corrections staff possessed any information of any threat to him from Inmate Boyd prior to the attack. Plaintiff simply fails to allege any facts indicating that a substantial risk of serious harm was known by any corrections personnel before he was assaulted.

Although Plaintiff's allegations regarding the attack are concerning, Plaintiff has stated no constitutional claim. The Court, therefore, must dismiss the failure-to-protect claim.

9

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: April 5, 2019



Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005